Beth S. LEWIS, Plaintiff and Appellant,

v.

Thomas G. PIKE, individually; The Lockhart Company, a Utah Industrial Loan Corporation; and American Bankers Life Assurance Company of Florida, a foreign corporation, Defendants and Respondents.

No. 18195.

Supreme Court of Utah.

April 20, 1983.

Harold A. Hintze, Salt Lake City, for plaintiff and appellant.

Gifford W. Price, Salt Lake City, for defendants and respondents.

HOWE, Justice:

This is an appeal by Beth S. Lewis, plaintiff below, from a summary judgment granted against her. She brought this action against the defendants for negligently failing to provide credit life insurance on her husband in connection with a loan which the Lewises obtained from The Lockhart Company.

In June 1979, Darrel E. Lewis went to The Lockhart Company and met with Thomas G. Pike, one of its employees, to discuss the possibility of obtaining an $18,000 debt consolidation loan. After the meeting, Mr. Lewis returned home with the loan application. Mrs. Lewis typed most of the signature page of the application and the Lewises executed the document.

On July 2 the Lewises met with Pike at Lockhart and closed the loan. During this meeting the loan documents were executed after each was explained by Pike. Among the documents which they signed was a trust deed on their home and a disclosure statement which contained a list of the loan charges. A premium for credit life insurance was not included in those charges. Mrs. Lewis informed Pike and her husband that she did not want to encumber the Lewis's home to secure the loan unless credit life insurance was taken out on her husband. Mr. Lewis had been hospitalized earlier that year because of heart related and blood pressure problems, and thus she was concerned over her husband's health. The Lewises then discussed between themselves

whether the insurance should be only on Mr. Lewis or whether it should be on both of them. Being then undecided, the Lewises told Mr. Pike that they would later contact him and inform him of their decision as to whether they wanted joint insurance. Pike told them that insurance could be added any time after the loan was closed. The disclosure statement contains a section entitled "Insurance" in which the following statement appears:

Credit Life And Disability Insurance is not required to obtain this loan. No charge is made for credit insurance and no credit insurance is provided unless the borrower signs the appropriate statement below.

Immediately below those sentences appear blanks for the borrower to indicate how much insurance he desires, and also a space is provided for the borrower to sign if he does not want credit life or disability insurance. In this case, these blanks were not filled in and the Lewises did not sign to indicate whether they did or did not desire the insurance.

About 10 days later the Lewises returned to The Lockhart Company to pick up the check for the proceeds of their loan. They saw Mr. Pike and told him they were going to California and he wished them "a good trip." The subject of the insurance was not discussed. In early August Mr. Lewis returned to Lockhart to see Pike. The latter was not there and Lewis left a note for him relating to insurance. Mr. Lewis thereafter also tried to contact Pike by telephone, but apparently was unsuccessful. Mr. Lewis made a second personal visit to discuss insurance with Pike but again failing to find him, left another note for him. In response to that note Pike's secretary sent Mr. Lewis a letter informing him that Pike was on vacation until August 28, and that when he returned she would give him Lewis' note and "tell him what you said." Pike claims that he tried several times to reach Mr. Lewis by phone but was unsuccessful. Mr. Lewis died of a heart attack on September 17 without any credit life insurance having been put in force.

Plaintiff contends that the trial court erred in granting a summary judgment against her because there were genuine issues as to material facts with respect to whether Pike's failure to provide insurance or follow up on requests and inquiries relating to insurance constituted negligence. She emphasizes that during the loan closing she informed both Pike and her husband that she did not want a loan which did not include credit life insurance on her husband's life. Thus she argues Pike was negligent in not seeing that her demand was fulfilled prior to the issuance of the loan proceeds. The difficulty with the plaintiff's argument is that her firm resolution to have insurance on her husband was not carried into effect by her actions at the time of closing. She admits that the matter of insurance was to be left open until she and her husband got back to Pike and informed him of their decision with respect to whether they wanted joint insurance. She knew that no premium had been charged as a loan cost. She also does not claim that when she left the closing she believed that insurance on her husband was then in effect. While there is no question that she wanted her husband insured, her actions in leaving the closing knowing that no premium had been charged by Lockhart for any insurance renders her earlier expressed intentions for naught. It is clear that no order was made at closing to Pike by the Lewises for any insurance. She and her husband later picked up the check for the loan proceeds in the presence of Pike but made no inquiry nor gave any order respecting insurance.

Plaintiff further contends that Pike's failure to follow up on Mr. Lewis' requests and inquiries constitutes negligence on his part and is actionable by her because she was jointly and severally liable with him on the loan. This argument presupposes that there was some legal duty on Pike to contact Mr. Lewis and assist him in making a decision as to the Lewis's insurance requirements. Plaintiff has not cited us to any authority that in such an instance there is any legal duty on the part of an insurance agent to promptly follow up on inquiries.

Had Mr. Lewis at any time given a specific order for insurance to Pike and then had Pike negligently failed to put the insurance in effect, we would have an entirely different case. The plaintiff does not claim that an order for insurance was ever given by her or her husband and thus there was no legal duty on Pike to put any insurance in effect. Had the Lewises determined at any time what insurance coverage they desired, presumably other persons in Lockhart could have taken such an order. It is regrettable that Mr. Lewis and Pike missed each other and as a consequence the insurance which Mrs. Lewis so strongly desired was never put into effect. This case serves an illustration of how important decisions and plans are often found unmade at the time of an unexpected death.

The summary judgment is affirmed. Costs awarded to respondent.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.